UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AARON SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00395-JMS-MJD |
| ) | |
| RICHARD BROWN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Aaron Scott for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVS 18-11-0031. For the reasons explained in this Entry, Mr. Scott's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On November 22, 2018, Officer Johnson, charged Mr. Scott with offense A-102, battery, in case WVS-18-11-0031. The report of conduct states:

> On November 22, 2018 at approx. 405 pm I, Officer K. Johnson, was serving dinner chow when Offender Scott, Aaron doc #245197 (who is assigned to cell B-West 1007 in the SCU) threw a liquid substance with an odor which he stated, "I'm throwing piss on you" out of his cell when I was on the range. My effected areas were my right cheek, right side of my nose, right side of my glasses, left arm and left pant leg.

Dkt. 11-1 at 1. Photographs of Officer Johnson were attached to the conduct report. *Id.* at 2-4.

On December 3, 2018, the screening officer notified Mr. Scott of the charge and advised him of his rights. Dkt. 11-2 at 1. Mr. Scott pleaded not guilty, requested two witnesses by their assigned cells (B-1008 and B-1005), and advised the screening officer he would request additional evidence later. *Id.* The hearing was continued twice to collect requested evidence. *Id.* at 3, 4.

Offender Pinkham from cell B-1008, explained he did not hear Mr. Scott yell out that he was going to throw piss or that he was throwing piss. *Id.* at 10. He explained, "they were laughing and joking." *Id.* Pinkham did not smell urine, and he did not see any bio-hazard treatment being done on the unit. *Id.* Pinkham also gave the statement, "I thought they were playing and I think it was piss, I thought it was germicide." *Id.* at 11.

Sgt. Busby responded to his questions by explaining that Sgt. Yarber was the one who took care of the incident. *Id.* at 13. Sgt. Yarber stated:

> 1.) As far as any odors go, I was unable to notice anything on the #10 range, aside from the homemade intoxicants that offender Scott, Aaron (DOC # 245197) had dumped all over his cell, his floor, the #10 range and himself. Despite being given multiple direct orders to "Stop dumping the intoxicants.", offender Scott continued to discard the intoxicants into his toilet. I would say the ingested intoxicants had a lot to do with offender Scott's disorderly actions toward C/O K. Johnson.

2

> 2.) With regards to my personal feelings on whether or not Biohazards were present on the affected unit –when assigned to the SCU, I always assume that Biohazards are present. With the constant assaults on various offenders and staff with bodily wastes, by offenders housed within SCU, this is always a possibility. When a statement is then made by an offender to a staff member that they have thrown urine on them, I take their word on that and believe that the liquid substance is, in fact, urine. The statement that the liquid substance was urine was provided by offender Scott.
>
> 3.) Assigned offender sanitation is utilized to clean these units and to the best of my knowledge, these offenders are all capable of cleaning a biohazard mess. Regardless, from the statements provided by Officer K Johnson, the liquid used by Offender Scott to assault her person, was on her and her clothing… not the range itself.

*Id.* at 15.

Mr. Scott withdrew his request to have the offender in B-1005 questioned. *Id.* at 1617.

Offender Crouch gave a statement that, "He never said he was going to throw piss on the officer. She was joking with him but he never said that." *Id.* at 20.

A Confidential Report of Investigation from the Indiana Department of Correction Internal Affairs Division explained that Officer Johnson was interviewed on November 26, 2018. Dkt. 12 at 3 (*ex parte*). Officer Johnson reported that when she passed Mr. Scott's cell, he threw an unknown substance on her that had a "strong odor of urine." *Id*. Officer Johnson reported that Mr. Scott "made the direct statement, 'I'm throwing piss on you.'" *Id*. Officer Johnson said that Mr. Scott was "upset from earlier in the day." *Id.* The report further states that photographs were taken of Officer Johnson immediately after the assault and that, "The SCU is currently under remodeling and the video surveillance system is not working, therefore there is no video of the incident occurring." *Id*.

The screening officer also honored evidence requests from Mr. Scott for a copy of the biohazard response procedures and the complete copy of the Disciplinary Code for Adult Offenders. Dkt. 11-2 at 21-28.

Despite what was reported in the Confidential Report of Investigation, the hearing officer watched and summarized video from the range. *Id.* at 18. The video summary does not reflect Officer Johnson reacting to having liquid thrown on her, however, the video camera "freezes" for 24 seconds. *Id*.

On December 20, 2018, the disciplinary hearing officer held a hearing in case WVS-18-11-0031. Dkt. 11-3. Mr. Scott stated, "I did not throw urine and did not tell her it was urine. I will plead guilty to what I did." *Id*. The hearing officer reviewed the conduct report, the witness statements, video evidence, photographs of Officer Johnson, Mr. Scott's statements and evidence, and the copy of the logbook. *Id*. The hearing officer found Mr. Scott guilty of offense A-102, battery. *Id*.

The hearing officer explained the reasons for the decision as, "DHO believes conduct to be true. DHO took into account conduct report, offender statement, witness statements, copy of biohazard policy, picture of officer, copy of logbook." *Id*. The sanctions imposed included placement in six months of disciplinary restrictive housing and a 100-day loss of earned credit time. *Id*.

Mr. Scott's appeal to the facility was denied. Dkt. 11-4. In his appeal, Mr. Scott admitted to throwing a substance at Officer Johnson. The facility head responded that, "You state it was germicide, which is a chemical, which would be considered a weapon. Whether it was urine or germicide, it is still a 102 – Battery." *Id*. Mr. Scott's subsequent appeal to the final reviewing authority for the Indiana Department of Correction was also denied. Dkt. 11-5 at 3. This habeas action followed.

### C.     Analysis

Mr. Scott alleges that his due process rights were violated in the disciplinary proceeding. His claims are summarized as: 1) the hearing officer was not impartial; and 2) there was insufficient evidence to support the charge.

The respondent argues that Mr. Scott failed to exhaust his claims through the administrative appeals. Dkt. 11 at 7-8. While the Supreme Court has "'suggest[ed] that the procedural-bar issue should ordinarily be considered first,'…it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 610 (7th Cir. 2010) (quoting *Lambrix v. Singletary*, 520 U.S. 518, 25 (1997)). In this case, considering Mr. Scott's claims on the merits rather than first resolving the exhaustion issue will promote judicial economy, and therefore the Court will proceed to the merits.

Mr. Scott first contends that the hearing officer was not impartial because there was no video evidence showing the officer being hit with any liquids. Inmates are entitled to an impartial decision-maker. Mr. Scott, however, has alleged no facts that would render the hearing officer partial or biased. Simply alleging bias is not sufficient to support a due process violation. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). There is no evidence that the hearing officer was involved in the underlying events involved in this case. "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.* The fact that the hearing officer did not find in Mr. Scott's favor is not a sufficient basis to find bias. There is no due process violation in this regard. Mr. Scott's argument relating to the lack of video evidence is construed as a challenge to the sufficiency of the evidence, his second claim.

5

For his second claim, Mr. Scott alleges that criminal charges brought against him based on the same facts were dismissed for lack of evidence, and therefore the disciplinary action should have been as well. The evidentiary standard in a criminal proceeding is much higher than that which applies in this case, so it is irrelevant what occurred or did not occur in state criminal court.

"The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Scott also argues that the investigative report indicates that there was no video and yet the hearing officer viewed video evidence. Mr. Scott contends that such video evidence must have therefore been "fabricated." Dkt. 2 at 3. While the investigative report does state that the camera was not working at the time, the respondent asserts that video evidence was later located by the screening officer and was one reason the hearing was postponed, to allow the hearing officer time to view the evidence. Dkt. 11-2 at 3-4. The hearing officer did not rely on the video evidence in finding Mr. Scott guilty. Dkt. 11-3. Nonetheless, the video evidence is neither exculpatory nor inculpatory. The video does not show Officer Johnson being hit with any substance, but there is a

small gap in the video where the camera froze. Mr. Scott's argument that video evidence would show that the officer was not hit with any liquid is defeated by his own admission that he did throw a liquid, a germicide cleaning chemical, at her. Dkt. 2 at 3, dkt. 11-4.

Mr. Scott was found guilty of 102-A battery. That offense is defined as "knowingly or intentionally touching another person in a rude, insolent, or angry manner; *or* in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." Dkt. 11-6 (emphasis added). In this case, there was ample evidence in the conduct report, investigative report, and photographs that support a finding that Mr. Scott committed a battery by intentionally touching Officer Johnson with a liquid in a rude, insolent, or angry manner. The definition of 102-A does not require a finding that bodily waste was thrown.

Mr. Scott was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Scott's due process rights.

### D.   Conclusion

For the above reasons, Mr. Scott is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/17/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

AARON SCOTT
245197
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov